UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81005-CV-MIDDLEBROOKS

PATRICIA LISITANO, as Personal Representative
of the Estate of Rosemarie Pulizzotto, Deceased,

    Plaintiff,
v.

JSMGV MANAGEMENT COMPANY, LLC,

    Defendant.
_____/

**ORDER REMANDING CASE**

THIS CAUSE comes before the Court *sua sponte*. This lawsuit arises out of a COVID-19-related death that occurred in an assisted living facility operated by Defendant. In Plaintiff's two-count negligence complaint, Plaintiff brings a claim for wrongful death and a survivors claim. Upon review of the Notice of Removal (DE 1), the state court record (DE 1-1) and the law, the Court finds that federal jurisdiction does not exist under any of the bases raised by Defendant and this action must be remanded to state court. I address each purported basis for jurisdiction below:

***Exclusive Federal Jurisdiction/Complete Preemption*:** Defendant argues that exclusive federal jurisdiction exists because the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e ("PREP Act") completely preempts Plaintiff's state law claims arising from "a COVID-19 countermeasure." (DE 1 ¶ 8). Every circuit court and the overwhelming number of district courts that have considered whether the PREP Act completely preempts COVID-19-related negligence actions brought against nursing homes have found that it does not. *Magioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406–11 (3d Cir. 2021); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 584–89 (5th Cir. 2022); *Martin v. Peterson Health Operations, LLC*,

37 F.4th 1210, 1213–14 (7th Cir. 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022); *Dorsett v. Highlands Lake Ctr., LLC*, 557 F. Supp. 3d 1218, 1225–1232 (S.D. Fla. 2021) (compiling cases). Defendant acknowledges that the weight of authority in this district favors remand on this issue of complete preemption under the PREP Act. (DE 1 ¶ 61). Having reviewed the persuasive circuit-level opinions and considered Defendant's arguments, I agree with the above well-reasoned opinions. The PREP Act does not completely preempt Plaintiff's state law negligence causes of action.[1]

**The Grable Doctrine:** Courts have similarly rejected arguments that COVID-19-related state law negligence actions otherwise raise a substantial embedded federal question under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) sufficient to confer federal jurisdiction. *Mitchell*, 28 F.4th at 588–89; *Maglioli*, 16 F.4th at 412–13; *Martin*, 37 F.4th at 1214; *Saldana*, 27 F.4th at 688–89. As these opinions explain, ordinary preemption is a defense and federal defenses do not give rise to federal jurisdiction. *E.g.*, *Maglioli*, 16 F.4th at 413. The same logic applies here. Nothing on the face of Plaintiff's well-plead complaint suggests that any federal question is even necessarily raised, let alone substantial.

**Federal Officer Removal:** Defendant's federal officer removal argument under 28 U.S.C. § 1442(a)(1) fares no better. The circuits that have considered this basis for removal in this context have uniformly rejected it. *Mitchell*, 28 F.4th at 589–91; *Maglioli*, 16 F.4th at 404–06; *Martin*, 37 F.4th at 1212–13; *Saldana*, 27 F.4th at 683–68. Defendant was not "acting under" any officer of

---

[1] Courts agree that the PREP Act creates a cause of action for willful misconduct. Despite including a few allegations alleging in the alternative that Defendant's conduct was willful or grossly negligent (DE 1-1 ¶¶ 72, 84), Plaintiff brought no causes of action for willful misconduct. Both counts in Plaintiff's two-count complaint are negligence causes of action brought under Florida law, which are not entirely displaced by the PREP Act. *See Saldana*, 27 F.4th at 688 (rejecting that a complaint bringing a count for wrongful misconduct could be removed based on complete preemption when the plaintiffs brought other non-preempted claims, such as for wrongful death).

the United States or any United States agency. *See Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) ("A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'"). Defendant argues that it was "enlisted" by the federal government "to administer or use COVID-19 countermeasures . . . as a member of the nation's critical healthcare infrastructure." (DE 1 ¶ 78). This amounts to "simply *complying* with the law," which is not enough. *Watson*, 551 U.S. at 152 (emphasis in original). There is not, for example, any "delegation of legal authority" from a federal governmental entity, or "any contract, any payment, any employer/employee relationship or any principal/agent arrangement." *Id.* at 156.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

(1) This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(2) The Clerk of the Court shall **CLOSE THIS CASE** in this District.

(3) The Clerk shall also **DENY** all pending motions **AS MOOT**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 28th day of July, 2022.

Donald M. Middlebrooks
United States District Judge

cc:   All Counsel of Record

3